**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**(WESTERN DIVISION)**

| | |
|---|---|
| MB FINANCIAL BANK, N.A.,<br>6111 North River Road<br>Rosemont, IL 60018<br><br>                Plaintiff,<br><br>    vs.<br><br>MALCOLM H. SNEED, III,<br>56 Victorias Drive<br>Bossier City, LA  71111<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.  16-531<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR BREACH OF GUARANTY

Plaintiff MB Financial Bank, N.A., by and through its undersigned counsel, for its Complaint against Defendant Malcolm H. Sneed, III, and states as follows:

### PARTIES

1.       Plaintiff MB Financial Bank, N.A. ("MB Financial" or "Lessor") is an Illinois financial institution and maintains its principal place of business at the address stated in the caption.

2.       Defendant, Malcolm H. Sneed, III ("Sneed" or "Guarantor") is an individual resident of the State of Louisiana at the address stated in the caption.

### JURISDICTION AND VENUE

3.       This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332 in that this is an action between citizens of different states and the matter in controversy exceeds the amount of $75,000.00, exclusive of interest and costs.

4.       Venue of this action is proper in this District pursuant to 28 U.S.C. §1391(a) pursuant to the subject guaranty which contains a forum selection clause establishing venue in this District.

1

**NATURE OF ACTION**

5.      This Complaint arises out of Defendant's breach of a certain commercial guaranty dated March 14, 2013 (the "Guaranty").  A true and correct copy of the Guaranty is attached hereto as **Exhibit 1**.

6.      On March 14, 2013, MB Financial's predecessor-in-interest, Summit Funding Group, Inc. ("**Summit**") entered into that certain Master Lease Agreement No. 2461 (the "**Master Lease**") with S-3 Pump Service, Inc. (the "**Lessee**"), wherein Summit agreed to lease-finance Lessee's acquisition of certain equipment to be used for business purposes.  A true and correct copy of the Master Lease is incorporated herein and attached hereto as **Exhibit 2**.

7.      Pursuant to the Master Lease, Summit and the Lessee entered into Equipment Lease Schedule No. 001 dated May 1, 2013 ("**First Lease**"), wherein the Lessee promised and agreed to pay, among other things, base rent in the amount of $42,006.22 per month for forty-eight consecutive months to rent two (2) Dragon Quintaplex 2500HP Frac Pumps, with certain components and serial numbers 93861 and 93863, as more specifically described in Attachment #001/001 attached to the First Lease.  A true and correct copy of the First Lease is incorporated herein and attached hereto as **Exhibit 3**.

8.      Pursuant to the Master Lease, Summit and the Lessee also entered into Equipment Schedule No. 013 dated September 22, 2014 ("**Second Lease**"), wherein the Lessee promised and agreed to pay, among other things, base rent in the amount of $23,215.73 per month for forty-eight consecutive months for the rent of a certain 2015 Blackstone B6LK3 Trailer plus certain attachments, accessions, and other items included therein or thereto, with VIN ending in 46027, as more specifically described in Schedule A attached to the Second Lease.  A true and correct copy of Second Lease is incorporated herein and attached hereto as **Exhibit 4**.

9.      On March 14, 2013, Sneed entered into and executed the Guaranty, wherein Sneed, among other things, absolutely, irrevocably, continuously, and unconditionally guaranteed the full and prompt payment of any and all amounts due from the Lessee to the Lessor under each Lease and documents related thereto, and full and prompt performance of, accuracy of, and compliance with all of

2

the terms, conditions, obligations, among other things, applicable to the Lessee under each Lease and the documents and agreements related thereto.  *See*, **Exhibit 1**.

10.     The Guaranty provides that upon default by Lessee, Lessor may proceed directly and without notice against Guarantor to collect and recover the full amount due to Lessor.  *See*, **Exhibit 1**.

11.     The Guaranty further provides that the Guarantor will pay all costs, expenses and fees, including, but not limited to, attorneys' fees, incurred by Lessor in enforcing or attempting to enforce the Guaranty, plus all amounts recoverable by law including, but not limited to, interest on any unpaid amounts due under the Guaranty.  *See*, **Exhibit 1**.

12.     Subsequently, Summit assigned and transferred its interest in and to the Master Lease and First Lease to MB Financial, notified the Lessee of the assignment by Notice and Acknowledgement of Assignment dated May 1, 2013 ("**First Assignment Notice**"), and directed the Lessee, among other things, to pay MB Financial all amounts due under the Master Lease and the First Lease, as more specifically set forth therein.  A true and correct copy of the First Assignment Notice is attached hereto as **Exhibit 5.**

13.     Summit also assigned and transferred its interest in and to the Second Lease to MB Financial, notified Lessee of the assignment by Notice and Acknowledgement of Assignment dated October 17, 2014 ("**Second Assignment Notice**"), and directed the Lessee, among other things, to pay MB Financial all amounts due under the Master Lease and the Second Lease, as more specifically set forth therein.  A true and correct copy of the Second Assignment Notice is attached hereto as **Exhibit 6**.

14.     Sneed received and executed the First and Second Assignment Notices (collectively, the "Assignment Notices") regarding the Master Lease, First and Second Leases (collectively the "Lease"). *See,* **Exhibits 5 and 6.**

15.     The Lessee is in default of the Guaranty by failing, among other things, to pay in accordance with the Lease and Sneed failed, among other things, to pay and honor his obligations to the Lessor under the Guaranty.

16.     Lessor asserts that, as of May 6, 2016, Sneed is obligated and liable to MB Financial for the combined balance of $1,182,321.57, plus all other sums due and owing under the Lease, as follows:

| Lease | Schedule No. 001 | Schedule No. 013 |
|---|---|---|
| **Principal** | $530,201.15 | $639,975.13 |
| **Interest** | $6,442.15 (per diem: $62.561281) | $5,703.12 (per diem: $67.753382) |
| **SUBTOTAL:** | $536,643.32 | $645,678.25 |

17.     As of May 6, 2016, Lessor has incurred cost for the appraisal of the equipment described in Schedule Nos. 001 and 013 in the amount of $3,179.66, and attorneys' fees of $7,500.00, plus any additional costs and continuing attorneys' fees.

**WHEREFORE**, MB Financial Bank, N.A., respectfully requests that this Court enter judgment in its favor and against Defendant Malcolm H. Sneed, III, in the amount of **$1,193,001.23**, plus continuing interest at the combined per diem rate of $130.31466 from and including May 7, 2016, additional costs, expenses and attorneys' fees until the entire judgment has been paid in full, plus any other sums due and owing under the Lease, and any other legal or equitable relief this Court deems just.

Date: May 6, 2016.

Respectfully Submitted,

/s Paul A. Wilhelm
Paul A. Wilhelm (OH 0075662)
Sherry Lowe Johnson (*pro hac vice* admission pending)
**CLARK HILL PLC**
150 N. Michigan Avenue, Suite 2700
Chicago, IL  60601
Telephone: (312) 985-5599
Facsimile: (312) 985-5589
pwilheim@clarkhill.com
sljohnson@clarkhill.com

*Attorneys for Plaintiff MB Financial Bank, N.A.*

4