UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MC FINANCIAL BANK, N.A.,            Case No. 1:16-cv-531

    Plaintiff,           Judge Timothy S. Black

vs.

MALCOLM H. SNEED, III.,

    Defendant.

**ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT (Doc. 12)**

This civil action is before the Court on Plaintiff's motion for default judgment. (Doc. 12).  Defendant did not respond.

### I.    PROCEDURAL HISTORY

Plaintiff filed a Complaint on May 6, 2016.  (Doc. 1).  Defendant was served with a copy of the summons and complaint on May 25, 2016.  (Doc. 9).  Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), Defendant was required to file and serve his answer no later than June 15, 2016.  To date, no responsive pleading has been filed or served. On June 17, 2016, the Clerk properly entered default.  (Doc. 11).  Subsequently, Plaintiff filed the instant motion for default judgment.  (Doc. 12).

### II.    FACTUAL BACKGROUND

Plaintiff loaned S3 Pump Services, Inc. ("Borrower"), a high pressure oil pumping service company, a total of $3,130.653.60 to purchase certain equipment for its business. The equipment consisted of three frac pumps.  (Doc. 12-3 at ¶ 3).  Defendant is a sophisticated business man who is the owner and the President of the Borrower.

Defendant executed the Master Lease and Schedule Nos. 001 and 013.  (Doc. 1-2, 1-3, and 1-4; Doc. 12-3 at ¶ 4).

Schedule 001 required payment of $42,006.22 for 48 months for a total of $2,016,298.56 and Schedule 013 required payment of $42,006.22 for 48 months for a total of $1,114,355.04, for a combined total amount due under the Contract as of the date of each Schedule of $3,130.653.60.  (Doc. 1-2, 1-3, 1-4; Doc. 12-3 at ¶ 6).  The Contract contains the terms and conditions for the repayment of Plaintiff's financing.  An excerpt from the Master Lease, related to Plaintiff's entitlement to attorneys' fees, litigation expenses, and costs, provides as follows:

> 20. REMEDIES.  Lessor may exercise one or more of the following remedies upon an Event of Default:…(xi) recover form Lessee all amounts incurred by Lessor in enforcing its rights and remedies hereunder, including, but not limited to, Lessor's…appraisal costs, …filing fees, reasonable attorneys' fees, and reasonable internal costs,…

(Doc. 1-1 at § 20).

Defendant also executed a certain personal guaranty, wherein he absolutely, irrevocably, continuously and unconditionally guaranteed, among other things, the full and prompt payment of all amounts due from Defendant's Company to Plaintiff and full and prompt compliance with all of the terms and conditions of the Contract ("Defendant's Guaranty").  (Doc. 1-1; Doc. 12-3 at ¶ 5).  Defendant's Guaranty also specifically provides that:

> Guarantor will pay all costs, expenses, and fees, including but not limited to, all attorneys' fees, incurred by Lessor in enforcing or attempting to enforce this Guaranty, whether the same is enforced by suit or otherwise, and all amounts recoverable by law, including,

2

>but not limited to, interest on any unpaid amounts due under this Guaranty.

(*Id.* at § 7(b)).

Borrower and Defendant made its last payment in February 2016. (Doc. 12-3 at ¶ 10). The remaining monthly payments due under Schedule No. 001 is $504,074.64, which represents 12 monthly payments of $42,006.22 and under Schedule No. 013 is $650,040.44, which represented 28 monthly payments of $23,215.73, for a total remaining payments due of $1,154,115.08. (*Id.*)

Defendant Company filed for bankruptcy under Title 11 of the Bankruptcy Code, and remains in possession and use of the Equipment. (Doc. 12-3 at ¶ 11). Plaintiff was required to retain local counsel to enable Plaintiff's counsel, Sherry Lowe Johnson, to represent, protect and enforce Plaintiff's rights and interest in the bankruptcy proceedings. (*Id.*) In addition, Plaintiff retained counsel to represent and protect its interest in this action against Defendant as the guarantor of the commercial debt. (Doc. 12-3 at ¶ 11). Additionally, Plaintiff is contractually entitled to recover all of its attorneys' fees, costs, and expenses related to enforcing the Contract and Defendant's Guaranty. (Doc. 1-1 at § 20).

### III. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be

proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09cv298, 2010 U.S. Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319. 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enter.*, No. 2:07cv990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

## IV. ANALYSIS

Defendant having defaulted, the factual allegations in the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). To ascertain an uncertain sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12cv962, 2012 U.S. Dist. LEXIS 116166, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. 206-cv-487, 2007 U.S. Dist. LEXIS 3118, at *2 (S.D. Ohio Jan. 16, 2007).

Plaintiff incurred damages of $1,154,115.08, $504,074.64 on contract 001 and $650,040.44 on contract 013.  (Doc. 12-3 at ¶ 10).

Plaintiff has also incurred attorneys' fees in the amount of $15,599.00.  Plaintiff's attorney, Sherry Lowe has been representing creditors in areas of commercial litigation and bankruptcy for nearly 25 years.  (Doc. 12-2 at ¶ 2).  She charges $430 per hour.  (*Id.*)  Paul Wilhelm has been practicing law since 2002 and assisted Ms. Lowe as local counsel.  (*Id.* at ¶ 4).  Mr. Wilhelm's hourly rate is $420.  (*Id.* at ¶ 7).  Ms. Johnson spent a total of 35.30 hours working on the case ($15,179.00) and Mr. Wilhelm did 1 hour of work ($420.00), for a total of $15,599.00.  The Court find that the hours expended by Plaintiff's counsel and summarized in detailed time reports substantiate the fees requested in this case.  (Doc. 12-2 at 9-12).

Plaintiff's litigation expenses total $5,012.16 for standard litigation items including filing fees, service fees, and the appraisal of equipment.  (Doc. 12-2).  Accordingly, reasonable fees and expenses total $20,611.16.

Therefore, as established by the facts set forth in the Complaint, as well as Plaintiff's declaration and counsel's fee application, Plaintiff is entitled to damages against the Defendant in the amount of $1,174,726.24 ($1,154,115.08 (contract damages) + $20,611.16 (fees and expenses)).

## V.  CONCLUSION

Accordingly, for these reasons, Plaintiff's motion for default judgment (Doc. 12) is **GRANTED**.  The Clerk shall enter Judgment in favor of Plaintiff and against Defendant in the amount of $1,174,726.24, plus interest at the legal rate from the date of

5

judgment, and any subsequent additional costs, expenses and attorneys' fees, until the entire judgment has been paid in full.

This civil action is **TERMINATED** on the docket of this Court upon entry of the Judgment.

**IT IS SO ORDERED**.

Date:  9/2/16 

<u>s/ Timothy S. Black</u>
Timothy S. Black
United States District Judge